**IN THE UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT**

CASE NO.: 13-14017

L.T. Case No.: 12-CV-80808

---

GAYLE HELMAN,

Appellant,

vs.

BANK OF AMERICA, N.A.

Appellee,

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

**REPLY BRIEF OF APPELLANT GAYLE HELMAN**

Tony Stabenow, Esq.
Florida Bar No.: 0033328
THE STABENOW LAW FIRM, PLLC
3725 NE 167th Street, #200
North Miami Beach, Florida  33160
Telephone:  (305) 904-3777
Facsimile: (305) 357-0962
Email:Tony@StabenowLaw.com
*Attorneys for Appellant*

# **TABLE OF CONTENTS**

TABLE OF CITATIONS ......................................................................... iii

STATEMENT OF ISSUES PRESENTED FOR REVIEW ...................................1

SUMMARY OF REPLY .......................................................................2

STANDARD OF REVIEW...……………………………………….…………...7

REPLY ARGUMENT...……………………………….…….……………..…….7

    I.    BANA'S ATTORNEYS DO NOT DENY THAT THEY MISREPRESENTED THE CONTENTS OF HELMAN'S AMENDED COMPLAINT TO MISLEAD THE DISTRICT COURT AS TO HELMAN'S ALLEGATIONS AND CLAIMS…...................7

    II.    GIVEN ALL REASONABLE INFERENCES IN HELMAN'S FAVOR, BANA IS *NOT* A CREDITOR UNDER THE FDCPA BECAUSE DEFENDANT IS NO LONGER OWED A DEBT...........................................................................13

    III.    BANA IS A DEBT COLLECTOR AND CANNOT AVOID THE FDCPA.........................................................................15

    IV.    HELMAN IS ENTITLED TO BRING STATE LAW CLAIMS WHICH ARE CONSISTENT WITH THE FAIR DEBT COLLECTION PRACTICES ACT BECAUSE CONGRESS DID NOT INTEND TO IMPLICITLY REPEAL SECTIONS 1692(E) AND 1692N.......................................................17

    V.    BANA IS REQUIRED TO PLEAD ITS "PREEMPTION" AND "NO PRIVATE CAUSE OF ACTION" DEFENSES AS AFFIRMATIVE DEFENSES IN A PLEADING, BECAUSE BANA FAILED TO RAISE THESE DEFENSES IN ITS PRIOR MOTIONS TO DISMISS AND THE FACTS SUPPORTING THOSE DEFENSE ARE NOT ALLEGED IN THE AMENDED COMPLAINT.............................22

VI.    THE BANKRUPTCY COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE AMENDED COMPLAINT DOES NOT ALLEGE A VIOLATION OF A BANKRUPTCY INJUNCTION OR SEEK CONTEMPT SANCTIONS ....................24

VII.   BANA'S ATTORNEYS SHOULD BE SANCTIONED FOR FAILING TO ASSIST HELMAN'S ATTORNEY IN HIS EFFORTS TO CORRECT THE DISTRICT COURT'S MISAPPREHENSION OF FACTS, WHICH WAS CAUSED BY THEIR FRAUD ON THE DISTRICT COURT...........................................................................25

CONCLUSION ....................................................................................................26

CERTIFICATE OF SERVICE...............................................................................28

CERTIFICATE OF COMPLIANCE .....................................................................29

# TABLE OF CITATIONS

## CASES

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*,
99 F.R.D. 99 (E.D. Va. 1983).....................................................................25

*Alderwoods Grp., Inc. v. Garcia*,
 682 F.3d 958 (11th Cir. 2012)..................................................................19

*Armstrong v. Capshaw, Goss & Bowers, LLP*,
404 F.3d 933 (5th Cir. 2005)'…................................................................12

*AT&T Mobility LLC v. Bushman*, Case No.,
11-80922-CIV-RYSKAMP, 2011 WL 5924666 (S.D. Fla. Sept. 23, 2011)...........12

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,*
906 F.2d 1185 (7th Cir. 1990)..................................................................25

*Bridge v. Ocwen Federal Bank, FSB,*
681 F.3d 355 (6th Cir. April 30, 2012).......................................2,6,15, 16

*EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, N.A.,*
467 F.3d 466 (5th Cir. 2006)…………………………………………............23

*Goodman v. Praxair, Inc.,*
494 F.3d 458 (4th Cir. 2007)....................................................................23

*In re Schafer,*
689 F.3d 601 (6th Cir. 2012)....................................................................19

*In re Toledo,*
170 F.3d 1340 (11th Cir. 1999)................................................................24

*Johnson v. Riddle,*
305 F.3d 1107 (10th Cir. 2002).................................................................15

*Leveto v. Lapina,*
258 F.3d 156 (3rd Cir. 2001)....................................................................23

*McKenna v. Wright,*
386 F.3d 432 (2d Cir. 2004)..................................................................23

*Randolph v. IMBS, Inc.,*
368 F.3d 726 (7th Cir. 2004)………….......................................…....passim

*Rios v. Bakalar and Associates,*
795 F.Supp.2d 1368 (S.D. Fla. 2011)...................................................passim

*Roberts v. Fla. Power & Light Co.,*
146 F.3d 1305 (11th Cir, 1998)...............................................................13

*Ross v. RJM Acquisitions Funding, LLC,*
480 F.3d 493 (7th Cir. 2007).................................................................14

*S. Blasting Servs., Inc. v. Wilkes County,*
288 F.3d 584 (4th Cir. 2002)..................................................................17

*Simon v. FIA Card Services, N.A.,*
732 F.3d 259 (3d Cir. 2013) .................………................................3, 21

*Turner v. J.V.D.B. & Associates, Inc.,*
330 F.3d 991 (7th Cir. 2003)..................................................................14

*Walls v. Wells Fargo Bank, N.A.,*
276 F.3d 502 (9th Cir. 2002).............................................................passim

*Wyeth v. Levine,* 129 S. Ct. 1187 (2009)...................................................17

## STATUTES

15 U.S.C. §§1692, 1692a, 1692e, 1692f, 1692n.............................................passim

11 U.S.C. § 524............................................................7, 19, 20, 21

## RULES

Fed. R. Civ. P., Rule 12(b)(6)...................................................................23

## **STATEMENT OF THE ISSUES**

1.    WHETHER A DEFENDANT IS ALLOWED TO MISREPRESENT THE CONTENTS OF A PLAINTIFF'S PLEADING, SO AS TO MISLEAD A DISTRICT COURT AS TO THE CLAIMS AND ALLEGATIONS MADE BY THE PLAINTIFF OR WHETHER THE ACTUAL SUBSTANCE OF THE PLEADING IS CONTROLLING

2.    WHETHER A DISTRICT COURT HAS MADE EVERY REASONABLE INFERENCE IN A PLAINTIFF'S FAVOR IN CONSTRUING A COMPLAINT, WHEN A PLAINTIFF ALLEGES THAT A DEFENDANT *WAS* A CREDITOR BUT, BECAUSE THE DEBTS ARE NO LONGER OWED, THE DEFENDANT CANNOT SEEK PROTECTION AS A CREDITOR UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

3.    WHETHER A DEFENDANT MUST BE EITHER A DEBT COLLECTOR OR A CREDITOR UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

4.    WHETHER, UNDER 15 U.S.C. SECTIONS 1692(E) AND 1692N, A PLAINTIFF IS ENTITLED TO BRING STATE LAW CLAIMS, WHICH ARE CONSISTENT WITH THE FAIR DEBT COLLECTION PRACTICES ACT, OR WHETHER CONGRESS INTENDED TO REPEAL THE FAIR DEBT COLLECTION PRACTICES ACT AND PREEMPT ALL RELATED STATE LAW DEBT COLLECTION CLAIMS

5.    WHETHER A DEFENDANT IS REQUIRED TO PLEAD DEFENSES AS AFFIRMATIVE DEFENSE IN A PLEADING, WHEN THE DEFENDANT FAILS TO RAISE THE DEFENSES IN PRIOR MOTIONS TO DISMISS

6.    WHETHER A BANKRUPTCY COURT LACKS SUBJECT MATTER JURISDICTION WHEN ALL OF THE CLAIMS ARISE AFTER THE BANKRUPTCY DISCHARGE AND THE DEFENDANT HAS NOT ASSERTED OR SHOWN THAT RESOLUTION OF THE PLAINTIFF'S CLAIMS COULD EFFECT THE BANKRUPTCY ESTATE

7.    WHETHER A DISTRICT COURT HAS AUTHORITY TO RECONSIDER, REHEAR, OR CLARIFY ITS ORDER, WHICH DISPOSES OF ALL OF A PLAINTIFF'S CLAIMS, BUT WHICH THEN REFERS THE "CASE" TO A BANKRUPTCY COURT

1

# SUMMARY

Since when can a defendant redraft a plaintiff's pleading by making false representations that the plaintiff alleged certain facts, when the pleading shows that plaintiff did not allege those facts?  The issue for this Court is whether a defendant can avoid the claims asserted against it by misrepresenting the contents of the pleading to the Court.  Ironically, the sole fact that distinguishes every case relied on by BANA is that Helman's claims are based on misrepresentations, which the Bankruptcy Code does not seek to enjoin.   To try to avoid Helman's misrepresentation claims, BANA's attorneys have misrepresented the facts to the District Court and to this Court by representing that Helman alleged a violation of an injunction.

Because its position lacks factual and legal support, BANA has chosen to purposefully ignore the issues raised by Helman on appeal, including: (1) whether BANA's attorneys made numerous misrepresentations to the District Court, including that the Amended Complaint alleged a violation of an injunction; (2) whether the Amended Complaint alleges that BANA "IS" a creditor (when the pleading clearly alleges that, when the misrepresentations were made, BANA was no longer a creditor because BANA was not owed a debt); (3) whether BANA is a also debt collector based on the Sixth Circuit holding in *Bridge v. Ocwen*; (4) whether this Court should follow the overwhelming number of courts, which have

adopted the Seventh Circuit's decision in *Randolph*[1] and which holds that, since there is no "irreconcilable conflict," Congress did not intend to impliedly repeal the FDCPA or preempt state law claims when it enacted the Bankruptcy Code; (5) whether BANA failed to raise the "preemption defense" in its prior motions to dismiss and whether said defense is based on facts outside of the Amended Complaint, and (6) whether the Bankruptcy Court lacks jurisdiction to decide Helman's post-bankruptcy claims because BANA has failed to show that resolution of those claims could effect the bankruptcy estate.[2]

---

[1] Since the filing of the Initial Brief, the Third Circuit has also adopted the *Randolph* decision and rejected the *Walls* decision, which BANA is asking this Court to adopt. *See Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 274 (3d Cir. 2013) (adopting *Randolph* because it is "consistent with Supreme Court precedents recognizing a presumption against the implied repeal of one federal statute by another" and holding that it is irrelevant whether the communication violates the Bankruptcy Code, since the proper legal inquiry is whether there is a direct conflict or whether both statutes can be enforced).

[2] BANA has ignored the issue of whether resolution of the claims could effect the bankruptcy estate because BANA knows that resolution of Helman's claims will *not* effect the bankruptcy estate. Instead, BANA argues that the Bankruptcy Court has sole power to enforce its orders. [Answer at p. 24 fn 8]. Yet, Helman has never disputed this statement of the law. Rather, BANA is trying to mislead this Court, as it did the District Court, because Helman has ***not*** sought to have the District Court enforce *any* order. Yet again, BANA's attorneys are relying on the fraudulent representations that they made to the District Court regarding an alleged "violation of an injunction." Thus, because Helman has ***not*** sought contempt for a violation of *any* injunction and because the pleading does not even mention *any* injunction, the Bankruptcy Court lacks jurisdiction. **There is no alleged violation of *any* injunction for the Bankruptcy Court to decide.** Because the Bankruptcy Court lacks jurisdiction, Helman's claims are not preempted by Title 11.

Moreover, not only did BANA ignore the issues raised in the Initial Brief, BANA's entire Answer Brief is based on an argument that the District Court found that Helman's Amended Complaint is "premised" on a violation of an injunction. This is yet another false representation made to this Court by BANA's attorneys. The District Court never made such finding.  The word "premised" is not mentioned once in the August 7, 2013 Order.  Instead, the District Court expressly found that Helman's pleading ***actually alleged*** that BANA "violated the injunction" by continuing to "contact" her.  The Amended Complaint shows that this finding is clearly erroneous.  It is also undisputed that this clearly erroneous finding is due to BANA's attorneys' blatant misrepresentations of the pleadings to the District Court.  The undisputed record shows that BANA's attorneys misrepresented the contents of the Amended Complaint so that BANA's attorneys could ***mis***-characterize Helman's claims as being "private causes of actions" for violation of Section 524's no-contact injunction.  These false representations allowed BANA's attorneys to argue that such "private right of action" is improper because such claims are "preempted" by the Bankruptcy Code and that the Bankruptcy Court has exclusive jurisdiction over alleged "violations" of bankruptcy injunctions.[3]

---

[3] Instead of simply admitting that it misrepresented the contents of the Amended Complaint to the District Court, BANA's attorneys have chosen to compound their earlier misconduct by misrepresenting the District Court's Order with the hope of

4

Now, in an attempt to distract *this* Court from their prior misconduct, BANA's attorneys falsely claim that the District Court found that Helman's claims are "premised" on a violation of an injunction.  They now argue that, even though the Amended Complaint does not actually allege that BANA violated any injunction by contacting Helman (as they falsely represented to the District Court), this Court should allow them to continue to perpetrate a fraud, by redrafting the pleading to include facts that have never been alleged simply because they misrepresented those facts to the District Court.  Most amazingly, BANA's attorneys are trying to push the blame onto the District Court.  Rather than explain why they should not be sanctioned, they are asking this Court to *reward* them for misrepresenting facts to the District Court, while they now misrepresent the District Court's findings to this Court.

Not only has BANA ignored the issues raised on appeal and misrepresented the District Court's findings, BANA is trying to raise new (meritless) defenses. BANA now claims that it has the "right to send Helman the monthly" invoices. [Answer at p. 12 of 38].  First, BANA has never raised this defense and said defense is outside of the pleadings.  Second, the Bankruptcy Code does not give BANA, or any other person, the right to make misrepresentations.  Lastly, before

---

misleading this Court regarding their prior misconduct.  BANA's attorneys know that, because Helman never alleged a violation of *any* injunction, BANA's entire Motion to Refer case to the Bankruptcy Court, including the preemption defense stated therein, is and was frivolous.

this Court can address the issue of whether referral to the Bankruptcy Court is proper, it must first determine whether there are any claims to refer to the Bankruptcy Court.  The District Court ruled that the FDCPA claim was improper because BANA **_was_** a "creditor," even though Helman alleged that BANA was not a creditor **_at all relevant times_**—when BANA sent the monthly invoices containing the misrepresentations. [D.E. 82 at p. 9].  As this Court will see, BANA did not address the _Bridge v. Ocwen_ decision because BANA is trying to claim that, although it is no longer owed a debt and cannot be a "creditor," it is also not a "debt collector."

Because it is clear that BANA is not a creditor and is a debt collector, BANA seeks to raise a debt collector exemption as a defense.  BANA argues that it is not subject to FDCPA's prohibition on misrepresentations because BANA purportedly "originated the loans." [Answer Brief at p. 18 of 38].  Yet, Helman has never alleged this fact.  The term "originated" is not mentioned once in Helman's Amended Complaint.  Nor is there any allegation that BANA was collecting a debt asserted to be "owed to another" person.[4]  Thus, BANA's attempt to raise a debt collector exemption/defense fails.

---

[4] In its Motion to Dismiss, BANA admitted that "a 'creditor' is the person to whom the **debt is actually owed**." [D.E. 21 at  p. 5 citing § 1692a(4)] (emphasis added). Thus, BANA admits that it is not a creditor, since it is not actually owed a debt. BANA then seeks to rely on a debt collector exemption located in Subsection (6)(F).  Yet, Section 1692a(6)(f)(ii), upon which BANA relies to seek exemption

All of BANA's arguments rely on the false assertion that Helman alleged a violation of a bankruptcy injunction. BANA bootstraps this false argument with cases, all of which involve actual alleged violations of an injunction as separate causes of action. Because Helman has not alleged a violation of any injunction and she will not be asking the trier of act to find a violation of any part of Section 524, the cases relied on by BANA are inapposite, irrelevant and misleading.

## STANDARD OF REVIEW

BANA conceded that this Court reviews *de novo* a district court's dismissal and preemption analysis, and accepts the factual allegations in the complaint as true and construes them in the light most favorable to Helman.

## REPLY ARGUMENT

**I.  BANA'S ATTORNEYS DO NOT DENY THAT THEY MISREPRESENTED THE CONTENTS OF HELMAN'S AMENDED COMPLAINT TO MISLEAD THE DISTRICT COURT AS TO HELMAN'S ALLEGATIONS AND CLAIMS**

As an initial matter, this Court must consider BANA's attorneys' blatant misrepresentation of the contents of Helman's pleading which caused this appeal.[5]

---

from "debt collector" status, requires that an originator be collecting a debt owed "***to another***." There is absolutely no allegation that BANA was attempting to collect a debt owed to another. BANA is asking this Court to ignore the FDCPA's requirement that BANA be collecting a debt owed "to another" to qualify for this exemption. This exemption/defense is inapplicable.

[5] BANA's attorneys also misrepresented the pleadings to this Court, when they filed a Motion to Dismiss this appeal. Helman filed a Motion for Sanctions and noted that BANA's attorneys are trying to rely on the District Court's findings

In her Initial Brief, Helman argued that BANA's attorneys made false representations to the District Court to obtain the Order on appeal.  In the Answer Brief, BANA attorneys do not deny that they made numerous false statements to the District Court.

It is undisputed that BANA's attorneys falsely represented to the District Court that Helman alleged a violation of a bankruptcy injunction.  They cannot deny their false representations because they made those false representations in writing.  Specifically, BANA's attorneys told the District Court that the Amended Complaint:

> **"[A]lleges that BANA violated the Debtor's discharge injunction by continuing to contact her after she received a discharge. Amended Complaint, ¶ 14 [D.E. 13]."**  [D.E. 43 at p. 4].

BANA's attorneys do not deny that the District Court found that Helman "alleges that BANA violated the injunction..." just as BANA's attorneys had hoped.  Specifically, the District Court found that Helman:

> **"[A]lleges that BANA violated the injunction by continuing to contact her after she received a discharge**."  [D.E. 82 at p. 4].

---

regarding Helman's Amended Complaint, even though BANA's attorneys know that they fraudulently obtained those findings from the District Court based on their prior misrepresentation of the pleadings.

The District Court's Order tracks, _verbatim_, the _mis_-representations made by BANA's attorneys.  BANA's attorneys do not deny that the District Court based its finding on the misrepresentations made by BANA's attorneys.  They cannot deny this fact because the District Court's August 7, 2013 Order quotes their misrepresentations verbatim and because such allegations are _not_ contained in the Amended Complaint.  BANA's attorneys cited paragraph 14 of the Amended Complaint to support the representation made to the Court in the Motion to Refer. Paragraph 14 reads as follows:

> **Nevertheless, Defendant continued efforts to collect on the debts in violation of the law.** [D.E. 13 at ¶ 14].

Paragraph 14 does _not_ mention an "injunction" or a "violation of an injunction." [D.E. 13 ¶ 14].  Indeed, the word "injunction" is not mentioned once in the _entire_ Amended Complaint and nowhere in the entire Amended Complaint did Helman allege a "violation of an injunction."  Moreover, **paragraph 14 does not mention "contact" or "no-contact" and, in fact, those terms are not mentioned once in the _entire_ Amended Complaint**.  Thus, BANA's attorneys do not, and cannot, deny that they fraudulently obtained the August 7, 2013 Order from the District Court.

Moreover, BANA's attorneys do not deny that the finding (that Helman alleged a violation of an injunction), formed the basis of the District Court's

9

decision: (1) to dispose of all of Helman's claims by ruling that Helman is trying to allege a "private cause of action" for violation of an injunction and, thus, her claims are preempted by the Bankruptcy Code, and (2) to rule that the Bankruptcy Court has jurisdiction over the claims so that the "matter" must be referred to the Bankruptcy Court. [D.E. 82 pp. 5-6].   Thus, these facts are material to the disposition of all of Helman's claims, as well as the District Court's decision to refer the "matter" to the Bankruptcy Court.

Yet, because an allegation regarding the violation of an injunction does not actually exist in the Amended Complaint and because Helman has never alleged an "injunction" or a "violation of an injunction," the August 7, 2013 Order attempts to refer a "matter" to the Bankruptcy Court, under circumstances where there is no "matter" left to refer.  Thus, this finding of fact regarding an alleged violation of an injunction (a finding, which BANA's attorneys obtained through fraud) is also inextricably intertwined with the issue of whether the order is "final" for purposes of this appeal.  Because this finding is important to the issue of finality, BANA's attorneys have chosen to continue to misrepresent these facts on appeal *to this Court*.

In the Answer Brief, BANA's attorneys continue to argue that the District Court's findings are correct and they rely on the findings fraudulently obtained by them concerning the contents of the Amended Complaint.  However, because the

Amended Complaint shows, beyond *any* doubt, that BANA's attorneys misrepresented Helman's allegations to the District Court and that the District Court relied on those misrepresentations, BANA's attorneys now argue that the District Court found that Helman's claims are "premised" on the violation of an injunction. [Answer p. 12 of 38].  It should not come as a surprise that BANA's attorneys are again misrepresenting the record and truth to *this* Court.  The District Court never ruled that Helman's claims are "premised" on a violation of an injunction.   Rather, the District Court ruled that Helman actually alleged a violation of an injunction and the District Court based this finding on the false representations of the pleadings made by BANA's counsel to the District Court. This finding is clearly erroneous and fraudulently obtained.

In her Initial Brief, Helman challenged BANA's attorneys to: (i) identify a single allegation, which mentions an "injunction" or a "violation of an injunction;" (ii) identify a single claim, which relies upon a violation of an injunction to assert a "private cause of action," and (iii) identify a single allegation, where Helman alleged that BANA "IS" a creditor.  [Initial Brief at pp. 16-18].

Because the Amended Complaint speaks for itself, BANA's attorneys did not identify a single allegation where Helman once mentioned the word

11

"injunction" or alleged a "violation of an injunction."[6]  They did not identify a

single claim where Helman relies on a violation of an injunction to assert a

"private right of action."[7]  They did not identify a single allegation where Helman

alleged that BANA "IS" a creditor.[8]  Thus, it is undisputed that BANA's counsel

intentionally misrepresented these facts to the District Court.

The findings relating to the contents of the Amended Complaint are clearly

erroneous.[9]  Because the undisputed record show that BANA's attorneys

misrepresented these material facts to the District Court and the District Court

relied on BANA's counsel's representations, BANA's counsel should be

sanctioned.  Additionally, because BANA's counsel has misrepresented the record

---

[6] BANA's attorneys do not know when to stop trying to mislead this Court.  In response to Helman's assertion that these attorneys' should be sanctioned, they try to claim that Helman "ignores" the fact that Section 524 automatically operates as an injunction, so that Section 524 and the court's order are both violated. [Answer Brief at p. 24 of 38].  This is misleading since Helman never alleged a violation of any injunction or a violation of any part of Section 524.

[7] While BANA relies upon law, which holds that the violation of a bankruptcy injunction cannot be used as a basis to create a private cause of action, BANA has not identified a single claim where Helman relies upon the violation of any injunction as the basis for the claim. [Answer pp. 22-23].

[8] The District Court decision to dismiss Helman's FDCPA claim is based on the conclusion that BANA cannot be a debt collector because BANA enjoys status as a creditor. [D.E. 82 pp. 8-9].  Yet, Helman alleged that, *at all relevant times*, BANA was not Helman's creditor because a debt was not owed to BANA. [D.E. 13 at ¶¶ 12, 27, 43 and 44].

[9] As stated in the Initial Brief, the contents of the actual pleading controls the issue of whether a party has stated a cause of action (and not BANA's misrepresentation of the pleadings). *AT&T Mobility LLC v. Bushman*, Case No. 11-80922-CIV-RYSKAMP, 2011 WL 5924666 (S.D. Fla. Sept. 23, 2011) (quoting *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005)).

to this Court and because, during this appeal, they have continued to rely on the

fraudulent findings that they procured from the District Court and make additional

misrepresentations, sanctions are appropriate and requested.[10]

## II. GIVEN ALL REASONABLE INFERENCES IN HELMAN'S FAVOR, BANA IS *NOT* A CREDITOR UNDER THE FDCPA BECAUSE BANA *IS* NO LONGER OWED A DEBT

Again, BANA did not even address this issue.  Under clearly established

law, in deciding a motion to dismiss, all allegations are accepted as true and the

court is to make every reasonable inference in favor of the plaintiff. *See Roberts v.*

*Fla. Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir, 1998).

To claim protection as a creditor under the FDCPA, BANA must show that

it "is owed a debt." *See* 15 U.S.C. 1692a(4) (2012).  The statute does *not* state that

a party can claim to be a creditor if that party "is *or was* owed a debt."[11]  BANA is

asking this Court to change the language of the FDCPA and add words to the

---

[10]  As explained more fully in Helman's Motion for Sanctions pursuant to Rule 27-4, this Court should order BANA's attorneys to pay the fees and costs of the appeal, as well as impose a substantial fine.

[11]  Helman has alleged facts to show that BANA is a debt collector.  The Amended Complaint alleged that BANA *was* previously a creditor, but that Helman obtained a discharge of the debts. [D.E. 13 at ¶¶ 8-10].  Helman was no longer liable for the debts. [D.E. 13 at ¶ 11]. Thus, because the debt was extinguished, BANA was no longer Helman's creditor. [D.E. 13 at ¶ 12].  Helman did not owe a debt to BANA and BANA was *not* Helman's creditor. [D.E. 13 at ¶ 27].  Helman alleged that, through the misrepresentations contained within the notices sent to Helman each month, BANA routinely attempted to collect debts, which have been discharged in bankruptcy. [D.E. 13 at ¶¶ 29-30].  Thus, based on the underlying facts, Helman alleged that BANA is a debt collector. [D.E. 13 at ¶ 43].

statute. **BANA cannot claim to be exempt from the FDCPA as a "creditor" because BANA is no longer owed a debt.**[12]  BANA has not identified a single allegation where Helman alleged that BANA "IS" a creditor when the invoices were sent to Helman.

Like almost every other argument raised by Helman on appeal, BANA did not address the Seventh Circuit's decision in *Ross*, which stated:

> When a debtor's debts are discharged in bankruptcy, efforts to collect them are unlawful... **he might think the debt was a debt that cannot be discharged in bankruptcy. Dunning people for their discharged debts would undermine the 'fresh start' rationale of bankruptcy (bankruptcy as a system of debtors' rights as well as creditors' remedies), and is prohibited by the Fair Debt Collection Practices Act, which so far as relates to this case prohibits a debt collector (a defined term) from making a 'false representation of the character, amount, or legal status of any debt.**' 15 U.S.C. § 1692e(2)(A)."). *Ross v. RJM Acquisitions Funding, LLC,* 480 F.3d 493, 495 (7th Cir. 2007).

Not only did BANA ignore the *Ross* decision, BANA also failed to address the *Randolph* and *Turner* decisions, which hold that demand for the payment of debts discharged in bankruptcy is a violation of the FDCPA. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) and *Turner v. J.V.D.B. & Associates, Inc.*,

---

[12] According to BANA's argument, a person could pay off a debt in full and, thereafter, the former creditor can violate the FDCPA with impunity because the former creditor would still qualify as a "creditor" under the FDCPA. Again, this is contrary to Section 1692a (4) definition of creditor, where Congress indicated its intent that when the debt is no longer owed, then the person is no longer a creditor. It is also contrary to the FDCPA's prohibition against misrepresenting the status of a debt.

330 F.3d 991, 994-95 (7th Cir.2003).

BANA is asking this Court to hold that a former creditor can claim an exemption from the definition of debt collector as long as the person continues to "assert" that a debt is owed "another." Such a holding would undermine the purpose of the FDCPA and the Bankruptcy Code's "fresh start" rationale. The FDCPA requires that the party claiming to be a creditor be still owed a debt. *See* 15 U.S.C.A. § 1692a (4) (defining a "creditor" as a person "to whom a debt is owed."). To rely on the debt collector exemption, BANA would need to prove that it was collecting a debt for "another." 15 U.S.C. § 1692a(6)(F)(ii).

## III.   BANA IS A DEBT COLLECTOR AND CANNOT AVOID THE FDCPA

BANA has chosen to ignore this issue because it does not want to admit to this Court that it is asking to be excluded from the provisions of the FDCPA. BANA did not once address the Sixth Circuit's recent decision in *Bridge v. Ocwen Federal Bank, FSB,* 681 F.3d 355, 359 (6th Cir. April 30, 2012). As the Sixth Circuit stated, no person should be allowed to *"escape liability by alleging that it is neither a creditor nor a debt collector and thus not subject to the FDCPA."* *Bridge v. Ocwen*, 681 F.3d at 359 (emphasis added). [13]

---

[13] BANA seeks to have it both ways. After years of collection activity, where BANA claimed that money was "owed" and where BANA admitted that it is a debt collector [D.E. 13 ¶ ¶16 and 26], BANA now seeks to claim that it is still a creditor. BANA's position that a former creditor can continue to claim to be a

BANA also ignored the issues that, under the FDCPA, to claim protection as a creditor, BANA must show that it *is* owed a debt.[14]  Moreover, BANA ignored the case law stating the **policy of liberally construing the FDCPA to favor consumer protection**. *Johnson v. Riddle,* 305 F.3d 1107, 1117 (10th Cir. 2002). BANA's position is that a former creditor, whose debts have been discharged in bankruptcy, can misrepresent the legal status of a debt and not violate Section 1692e.  This position is contrary to the definition of "creditor" and the requirement that the FDCPA be construed in favor of the consumer.

Now, for the first time ever, BANA argues that it is entitled to defend itself by arguing that it is not a "debt collector" because, even if a debt is no longer owed, it is protected as an "originator" seeking to collect on a debt "***asserted*** to be owed" to ***another*** person.  Stated differently, BANA claims that it is irrelevant whether the consumer actually owes the debt.  According to BANA, all that it required is that BANA "assert" that the consumer owes a debt—even if the assertion is false.  This defense, which has yet to be asserted, is without merit for a number of reasons.  First, this position is contrary to the FDCPA prohibition against misrepresenting the legal status of a debt.  Second, contrary to BANA's assertion, Helman has never alleged or admitted that BANA is, or was, an

"creditor," and exempt from the mandates of the FDCPA, is illogical and does not comport with the definition of "creditor" and the purpose of the FDCPA.

[14] In relevant part, Section 1692a (4) defines a "creditor" as a person "to whom a debt is owed."

"originator."  Moreover, the safe harbor defense, upon which BANA now seeks to rely, requires that the person be collecting a debt of "another" person. *See* 15 U.S.C. Section 6192a (f) (the debt must be "owed or asserted to be owed to another").[15]  Thus, because such facts have not been alleged, BANA would need to plead this defense and prove that it was "collecting or attempting to collect any debt owed or due or asserted to be owed or due ***another***..." *Id*.

## IV.  HELMAN IS ENTITLED TO BRING STATE LAW CLAIMS WHICH ARE CONSISTENT WITH THE FAIR DEBT COLLECTION PRACTICES ACT BECAUSE CONGRESS DID NOT INTEND TO IMPLICITLY REPEAL 15 U.S.C. SECTIONS 1692(E) AND 1692N.

Again, like almost every other issues raised on appeal, BANA failed to address the law with respect to implied preemption of state laws and Sections 1692(e) and 1692n.  There is a ***strong presumption against implied preemption of state laws and especially in areas where the states have traditionally regulated matters.*** *S. Blasting Servs., Inc. v. Wilkes County,* 288 F.3d 584, 590 (4th Cir. 2002) and *Wyeth v. Levine,* 129 S. Ct. 1187 (2009) (stating the strong presumption against preemption of state laws).  Thus, in enacting the FDCPA, Congress

---

[15] BANA is trying to turn the FDCPA on its head.  BANA's position is that, even though a debt is no longer owed to BANA and BANA is not a creditor, a defendant can simply "assert" that a debt is owed to it and seek a debt collector exemption, even though such assertion is false.  This is contrary to Section 1692e, which prohibits a person from misrepresenting the legal status of a debt.  To be clear, BANA is asking this Court to allow a defendant to seek an exemption from the FDCPA as long as the defendant (falsely) "asserts" that a debt is owed.  Such position is absolutely shocking and absurd.

expressly recognized that the FDCPA's purpose is to supplement existing state laws.  *See* 15 U.S.C. §§ 1692 and 1692n (2013).  The FDCPA expressly states that no person is exempt from complying with state laws unless the law is inconsistent with the FDCPA. *See* 15 U.S.C. § 1692n (2012).  BANA has not shown an inconsistency because there is no inconsistency.  BANA is fully capable of complying with the FDCPA and the state laws, and even the Bankruptcy Code.  BANA has not shown, nor has BANA even argued, that it is incapable of complying with the FDCPA, the state laws and the Bankruptcy Code.

BANA ignored the *Randolph* decision, which held that the FDCPA survived the enactment of the Bankruptcy Code and the *Rios* decision, where the Honorable Judge Adalberto Jordan provided a thorough and well-reasoned analysis as to the narrow holding of the Ninth Circuit's decision in *Walls v. Wells Fargo* and why the *Randolph* holding is more convincing and should be adopted by this Court. *Rios v. Bakalar and Associates,* 795 F.Supp.2d 1368 (S.D. Fla. 2011).  BANA chose not to address the *Rios* decision because the *Rios* decision explains why (contrary to BANA's assertions) Helman has not alleged a "private cause of action" for the violation of any injunction.  The distinctions between Sections 1692f and 1692e are important for this analysis.[16]  BANA has also ignored the *Rios* decision because

---

[16] In *Walls,* the plaintiff's claims were *based upon* a violation of an injunction. In other words, the plaintiff in *Walls* alleged a violation of the injunction and that the violation of the injunction was an "unfair and unconscionable" act *under Section*

BANA has not shown an irreconcilable conflict between the FDCPA and the Bankruptcy Code.  Because there is no irreconcilable conflict, BANA has not shown an implicit repeal of the FDCPA or implied preemption of consistent state laws.

Not only has BANA ignored the overwhelming number of courts, which hold that an irreconcilable conflict is required, BANA is also misrepresenting the law.  BANA cites to the *Pertuso*, *Cox*, *Yaghobi*, and *Bessette* cases, all of which involve situations where the plaintiff alleged a violation of an injunction.[17]  Not

---

*1692f* of the FDCPA.  The plaintiff in *Rios*, like the plaintiff in *Randolph*, alleged false or misleading representations *under Section 1692e*.  Like the false or misleading representations, which formed the basis of the claims in *Randolph* and *Rios,* Helman's claims are based on false and misleading representations.  As Helman has repeatedly stated before the District Court and on appeal, she is not relying on a violation of any injunction as the basis for her claims.  **In other words, if Congress eliminated the Bankruptcy injunction of Section 524, Helman's claims would still exist, because her substantive rights arise under the FDCPA and state law and because the Bankruptcy Code does not purport to regulate misrepresentations.**

[17] The *Alderwoods* decision is not relevant to the fact of this case.  In *Alderwoods,* this Court held that "the power to sanction contempt is jurisdictional." 682 F.3d at 970 (11th Cir. 2012).  Helman is not asking the District Court to enforce any order and Helman has not alleged a violation of any injunction or Section 524.  Instead, the *Alderwoods* decision actually supports Helman's position.  The Bankruptcy Court lacks jurisdiction and thus a transfer to the Bankruptcy Court is improper. *Id* at 973-74.  Again, BANA's attorneys are adept at creating straw man arguments.  **Helman has not alleged a violation of any provision of Section 524 to support her claims because her claims do not require a violation of Section 524.**  Thus, her rights and claims exist independently of Section 524.  Due to the Bankruptcy Court's lack of jurisdiction, Title 11 does not preempt Helman's claims.

only are those cases inapposite, BANA fails to cite to a single case involving false

and misleading misrepresentations.

In an attempt to claim a "field preemption" defense, BANA relies on

*Pertuso*, a case from almost 15 years ago, which was subsequently clarified by the

Sixth Circuit.  In the recent decision of *In re Schafer,* the Sixth Circuit stated that

the *Pertuso* decision was **not based on field preemption.**  *In re Schafer,* 689 F.3d

601, 614 (6th Cir. 2012).  Because the Bankruptcy Code clearly allows state law to

regulate the area of bankruptcy, the Sixth Circuit noted that the Supreme Court has

held that there must be an actual conflict with state laws. *Id.*  Here, BANA failed to

assert any conflict between the federal and state laws.  Moreover, like every other

case relied on by BANA, *Pertuso* involved a claim where a plaintiff alleged a

violation of Section 524 as the basis to support the unjust enrichment claim.  Ms.

Helman has made no such allegation.[18]

---

[18] Every case relied on by BANA involved circumstances where the plaintiff
actually alleged a violation of a bankruptcy injunction to try to create a "private
cause of action."  Moreover, BANA's attempt to rely on the Seventh Circuit's
2001 decision in *Cox v. Zale* is misplaced.  First, in *Cox*, the plaintiff actually
alleged that a violation of Section 524's injunction formed the basis of an unjust
enrichment claim.  This is indistinguishable from cases where plaintiffs allege a
violation of an injunction to argue that the actions are "unconscionable" under
Section 1692f.  As explained by Judge Jordan in the *Rios* decision,
misrepresentation claims do not require a violation of any injunction.  Again,
Helman has not alleged a violation of any injunction to support any of her claims.
Helman's claims are based on misrepresentations.  Additionally, the *Cox* decision
preceded the *Randolph* decision, which involved claims of misrepresentation—as

BANA then represents to this Court that, "[m]any districts courts within the Eleventh Circuit have also concluded that federal law preempts state-law claims that are premised on an underlying violation of the Bankruptcy Code." [Answer Brief at p. 28 of 38].   To support this representation to this Court, BANA cites a single district court decision.[19]   Query how a single court can constitute "many" since the term "many" necessarily implies more than one?  This is just another misrepresentation in a long line of misrepresentations made to this Court by BANA's attorneys.[20]

Lastly, in the *Pereira* case, the plaintiff actually alleged, and based her claims upon, a violation of Section 524.   Most importantly, the *Pereira* case provided no analysis whatsoever.   Instead, the court in *Pereira* simply cited to other bankruptcy cases.  BANA is asking this Court to blindly agree with the court in *Pereira,* which blindly followed other courts, without any analysis to determine

---

opposed to a violation of an injunction and where the Seventh Circuit clearly stated that there must be a irreconcilable conflict.

[19] In additional to the single district court case, BANA cited a bankruptcy case and a Georgia state court case. [Answer at pp. 28-29 of 38].  In any event, these case are all inapposite, because they involve plaintiffs, who actually alleged violations of an injunction to try to create private causes of actions.  Even when BANA cited the bankruptcy case from the Middle District of Florida, BANA admits that the plaintiff in that case "alleged violations of the Bankruptcy Code" to support the claims. [Answer at pp. 30 of 38].  Helman has not alleged a single violation of the Bankruptcy Code.

[20] This is not an accident since Helman has advised BANA's attorneys in the past that they are misrepresenting the number of courts in the Eleventh Circuit that share their view. [D.E. 63 at fn. 21].

Congress' intent and whether there is an irreconcilable conflict, as required by Supreme Court precedents. *See Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 274 (3d Cir. 2013) (adopting *Randolph* because it is "consistent with Supreme Court precedents recognizing a presumption against the implied repeal of one federal statute by another" and holding that it is irrelevant whether the communication violates the Bankruptcy Code since the proper legal inquiry is whether there is a direct conflict or whether both statutes can be enforced).

After reading BANA's Answer Brief, **this Court can easily see that, while BANA cites plenty of (irrelevant) cases involving alleged violation of an injunction, BANA has _not_ identified an irreconcilable conflict or cited this Court to a single decision, where a court has held that claims for misrepresentation are governed by the Bankruptcy Code**. **The Bankruptcy Code does _not_ attempt to regulate misrepresentations or deceptive debt collection practices.** The Bankruptcy Code and the FDCPA serve different purposes. For these reasons, this Court should reverse the Order on appeal.

**V.    BANA IS REQUIRED TO PLEAD ITS "PREEMPTION" AND "NO PRIVATE CAUSE OF ACTION" DEFENSES AS AFFIRMATIVE DEFENSES, BECAUSE BANA FAILED TO RAISE THESE DEFENSES IN ITS PRIOR MOTIONS TO DISMISS AND BECAUSE THE FACTS SUPPORTING THESE DEFENSES ARE NOT ALLEGED IN THE AMENDED COMPLAINT**

BANA ignored this issue. In her Initial Brief, Helman clearly articulated the requirements of Rule 12 (b)(6) and whether a party is allowed to continue to file

subsequent motions with new grounds for dismissal—not stated in the prior motions.  BANA never raised the preemption defenses in its motion to dismiss the original complaint and it did not raise the issue in its motion to dismiss the Amended Complaint.  Thus, it was improper for BANA to raise the issue in a subsequent motion, especially in a "Motion to Refer."   And, the preemption defense is improper because BANA relies on facts, which are not stated in the Amended Complaint (*i.e.,* Helman has not alleged a violation of any injunction).[21] In its Answer Brief, BANA has made clear that it is attempting to raise defenses, which are not supported by the current pleadings.  This is improper.[22]

Now, because the Amended Complaint does not allege a violation of any injunction, BANA argues that it plans to assert a defense under the Bankruptcy Code and claim that it has the right to send the monthly statements.  BANA argues

---

[21] As also noted by Helman in her response to BANA's preemption argument, because the defense was never pled, Helman was without notice as to which preemption theory BANA was asserting. [D.E. 63 at n. 20].  Now, BANA is trying to argue every different preemption theory.

[22] *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)) (cited with approval by *Jones*, 549 U.S. at 215); *Accord Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (affirmative defense may be resolved by Rule 12(b)(6) motion in "the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint"); *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, N.A.*, 467 F.3d 466, 470 (5th Cir. 2006) (defense must appear on face of the complaint); *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (at motion to dismiss stage, plaintiff is entitled to all reasonable inferences which rebut the affirmative defense).

that its misrepresentations cannot be considered separate from the issue of whether it violated an injunction. [Answer pp. 20 -21 of 38]. BANA does not cite any case law whatsoever to support this argument. BANA's argument is another red herring. As stated in Helman's Initial Brief, the trier of fact will not be called upon to decide whether any injunction has been violated. Thus, any defense to a violation of an injunction is irrelevant. Again, BANA is building straw man arguments. BANA argues that it would have defenses to a claim for violation of a bankruptcy injunction, but that is irrelevant since Helman has not pled a claim for violation of any injunction. More importantly, the Bankruptcy Code does not give anyone the right to make misrepresentations. Lastly, no court has ever held that claims must be transferred to a Bankruptcy Court simply because a defendant might seek to raise a (meritless) defense under the Bankruptcy Code.

## VI. THE BANKRUPTCY COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE AMENDED COMPLAINT DOES NOT ALLEGE A VIOLATION OF ANY INJUNCTION

It is undisputed that all of Helman's claims arose after bankruptcy and that the resolution of those claims will not have any effect on the bankruptcy estate. BANA argues that the Bankruptcy Court has exclusive jurisdiction over claims, *which are based on a violation of a bankruptcy injunction*. Helman has never disputed this statement of the law. Yet, Helman's claims are not based on a violation of any injunction and Helman is not seeking to enforce any substantive

24

rights under the Bankruptcy Code. Rather, she is enforcing her substantive rights under the FDCPA and consistent state laws. Thus, her claims do not "arise under Title 11" and the Bankruptcy Court lacks jurisdiction. *In re Toledo,* 170 F.3d 1340, 1345 (11th Cir. 1999).

Lastly, BANA did not even address the numerous cases cited by Helman, which hold that, because the Bankruptcy Code does not allow the Bankruptcy Court to decide these post-discharge claims, such claims are *not* preempted by the Bankruptcy Code. Because the Bankruptcy Court lacks subject matter jurisdiction over the claims asserted in the Amended Complaint, Helman's claims are *not* preempted by the Bankruptcy Code.

## VII. BANA'S ATTORNEYS SHOULD BE SANCTIONED FOR NOT ASSISTING HELMAN'S ATTORNEY IN HIS EFFORTS TO CORRECT THE DISTRICT COURT'S MISAPPREHENSION OF FACTS, WHICH WAS CAUSED BY THEIR FRAUD UPON THE DISTRICT COURT

BANA did not address the issue of whether the District Court had authority to reconsider its order based on a misapprehension of the facts (caused by the misrepresentations made by BANA's attorneys). A district court has the power to reconsider its decision when it has misunderstood a party or misapprehended the facts. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990), (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). BANA's attorneys chose to ignore this issue because,

after fraudulently obtaining the Order of dismissal, they then reaffirmed their fraud by arguing that the District Court lacked the power to correct a misapprehension of facts.  Rather than take a action to correct the error caused by their misconduct, BANA's attorneys have continued to seek to benefit from their prior fraud and delay these proceedings.[23]

## **CONCLUSION**

Every case relied upon by BANA in its Answer Brief involve actual allegations of a violation of an injunction.  The Amended Complaint shows that Helman has not alleged a violation of any injunction.  BANA and its attorneys should be sanctioned for their continued misrepresentation of the record, at the trial level and on appeal.

Helman has properly alleged facts to show that BANA is a debt collector and BANA's attempt to raise a debt collector exemption as a defense is outside the Amended Complaint.  Because the claims will not effect the bankruptcy estate and because Helman has not alleged a violation of a Bankruptcy Code or injunction, BANA must prove an irreconcilable conflict to preempt the state laws, which are consistent with the FDCPA.

---

[23] As reflected in the Exhibits attached to Helman's December 13, 2013 Reply to the Motion for Sanctions, Helman asked BANA's attorneys to assist Helman's attorney by taking action to correct the record and resolve this appeal without wasting more of this Court's time. [Reply to Request for Sanctions at p. 14]. BANA's counsel refused to accept Helman's request.

Helman requests that this Court reverse the District Court and provide any other relief that it deems just and proper, including an award of costs and attorney's fees incurred on appeal pursuant to 15 U.S.C. § 1692k and Helman's Motion for Sanctions pursuant to 11th Cir., Rule 27-4.

Respectfully submitted,

THE STABENOW LAW FIRM, PLLC
3725 NE 167th Street, #200
North Miami Beach, Florida  33160
Telephone:  (305) 904-3777
Facsimile: (305) 357-0962
Email:Tony@StabenowLaw.com

By:  _/s/ Tony Stabenow_____
        Tony Lee Stabenow, Esq.
        Florida Bar No.: 0033328

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2014, I electronically filed Appellant's Reply Brief by uploading the brief to the Court's website via the electronic document filing system. On the same day, I also caused an original signed brief and six paper copies to be sent to the Clerk of the Court by express overnight delivery.  On the same day, I also transmitted the Reply Brief to counsel for the Appellee via e-mails to:

sfhollad@mcguirewoods.com;

erottmann@mcguirewoods.com;

kdooley@mcguirewoods.com;

cgriner@mcguirewoods.com;

dblanks@mcguirewoods.com and caused one paper copies to be sent to them by express overnight delivery, at the following address:

McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202

Certified by:                       THE STABENOW LAW FIRM, PLLC
3725 NE 167th Street, #200
North Miami Beach, Florida  33160
Telephone:  (305) 904-3777
Facsimile: (305) 357-0962
Email:Tony@StabenowLaw.com

By:   _/s/ Tony Stabenow_____
Tony Lee Stabenow, Esq.
Florida Bar No.: 0033328

## CERTIFICATE OF COMPLIANCE

This Reply Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this Reply Brief contains 6999 words including footnotes, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Times New Roman font.

By:  */s/ Tony Stabenow*
Tony Lee Stabenow, Esquire
Florida Bar No.: 0033328